UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAMES C. DIMORA, | ) | CASE NO. 22-3549 |
| | ) | |
| Petitioner-Appellant, | ) | APPELLEE'S MOTION TO REMAND |
| | ) | DIMORA'S CASE FOR THE |
| *v.* | ) | DISTRICT COURT TO DECIDE |
| | ) | WHETHER TO ISSUE A |
| UNITED STATES OF AMERICA, | ) | CERTIFICATE OF APPEALABILITY, |
| | ) | OR ALTERNATIVELY, FOR THIS |
| Respondent-Appellee. | ) | COURT TO DECIDE WHETHER TO |
| | ) | ISSUE THAT CERTIFICATE *SUA* |
| | ) | *SPONTE*, AND REQUEST TO HOLD |
| | ) | THE BRIEFING SCHEDULE IN |
| | ) | ABEYANCE PENDING RULING |

Respondent-Appellee the United States of America, through undersigned

counsel, respectfully moves this Court to remand pro se Petitioner-Appellant

James C. Dimora's appeal for the district court to decide in the first instance

whether to issue a certificate of appealability ("COA"), under 28 U.S.C.

§ 2253(c)(2); Federal Rule of Appellate Procedure 22(b); and Kincade v.

Sparkman, 117 F.3d 949, 953 (6th Cir. 1997).

Dimora's brief solely challenges the district court's decision denying relief,

under 28 U.S.C. § 2255, on Counts 3, 7, 11, 14-15, 20-21, and 24-27.  (Doc. 16:

Dimora's Br., Page 27).  Dimora previously filed a Section 2255 motion before the

district Court.  (R. 1162: Motion, PageID 32278).  This Court previously issued a

certificate of appealability allowing Dimora to appeal the district court's resolution

of some, but not all, of the claims that he made regarding certain counts of

conviction.  (Case No. 18-4260, Doc. 9-2: Order, Pages 5-7).  This Court affirmed

some of those claims, but remanded for the district court to consider whether an

instructional error under McDonnell v. United States, 136 S. Ct. 2355, 2371

(2016), had a substantial and injurious effect or influence on the jury's verdicts

concerning the Hobbs Act extortion (Counts 3, 7, 11-15, 20-21, and 24-27) and tax

charges (Counts 34-37).  Dimora v. United States, 973 F.3d 496, 505-07 (6th Cir.

2020) (per curiam) ("Dimora II").  The district court then found that the

instructional error substantially influenced the jury's verdicts only on

Counts 12-13, which it vacated, and resentenced Dimora de novo on all remaining

unaffected counts, resulting in a combined 276-month sentence.  (R. 1226:

Opinion, PageID 33426, 33432; R. 1233: Amended Judgment, PageID 33481-82).

Dimora's present claims do not challenge the new sentence that the district court

imposed.  Instead, he seeks to challenge the district court's substantive denial of

Section 2255 relief on Counts 3, 7, 11, 14-15, 20-21, and 24-27.

　　　Unlike an appellant who challenges a sentence following resentencing under

28 U.S.C. § 2255(b), which Dimora does not do here, Dimora's request that this

Court review the merits of his Section 2255 claims requires a COA under Section

2253(c)(1) to proceed on appeal.  See United States v. Burton, 802 F. App'x 896, 904 (6th Cir. 2020).  Therefore, this Court should remand this matter to the district court to consider whether to issue the required COA.

In the alternative, since Dimora lacks the required COA to challenge the district court's decision denying Section 2255 relief, the government requests that this Court determine whether to issue a COA sua sponte, under Appellate Rule 22(b), and decline to issue one, for the reasons further outlined below.

The government respectfully requests that this Court hold the briefing schedule in abeyance pending resolution of this motion.

## STATEMENT OF THE FACTS

### A.    Introduction.

Former Cuyahoga County Commissioner Dimora and his codefendant, Michael Gabor, were convicted in 2012 of "39 violations of federal anti-corruption laws stemming from their participation in a slate of bribery and fraud schemes involving various Cleveland-area favor-seekers."  United States v. Dimora, 750 F.3d 619, 623 (6th Cir. 2014) ("Dimora I").  Meals, prostitutes, id. at 629, "[e]xpensive trips to Las Vegas in exchange for county patronage, thousands of dollars in cash in exchange for government jobs, extensive home improvements . . . [approximating] $30,000 in exchange for public construction contracts—these and other this-for-that arrangements were more than kindly gestures, more than mere

'pleases' and 'thank yous,' among friends." Id. at 623. "The jury instead found, after a 37-day trial, that the evidence showed Dimora and Gabor participated in a host of corrupt bargains and arrangements prohibited by federal law." Id.

On collateral review, this Court remanded Dimora's case to the district court to apply a harmless-error analysis to his Hobbs Act extortion convictions on Counts 3, 7, 11-15, 20-21, and 24-27, based on an instructional error at his jury trial concerning the "official act" definition in light of the intervening decision in McDonnell, 136 S. Ct. at 2371, before examining "any cumulative effect." Dimora II, 973 F.3d at 507. The district court conducted that review and granted relief on two of those convictions, vacating Counts 12-13. (R. 1226: Opinion, PageID 33432). It denied relief on the other counts, and resentenced him. (Id., PageID 33398-422, 33427-32; R. 1233: Amended Judgment, PageID 33481-82).

Dimora does not appeal his new sentence. Instead, he seeks to appeal the district court's remand decision substantively denying post-conviction relief on the convictions other than Counts 12-13.[1] Thus, although the district court did resentence him, the claims he raises require a COA, which he did not obtain. Thus, they are unauthorized. This Court should remand the matter to the district court to

---

[1]    Dimora's "appeal only addresses . . . Counts 3, 7, 11-15, 20-21 and 24-27." (Doc. 16: Dimora's Br., Page 27).

consider whether Dimora meets the authorization standard or, alternatively,

consider that question itself.

### B.    Dimora Is Charged And Convicted of Violating Federal Anti-Corruption Laws Stemming From His Bribery and Fraud Schemes.

On September 7, 2011, a Northern District of Ohio grand jury indicted

Dimora, in a third superseding indictment, charging him with the following crimes:

- RICO conspiracy under 18 U.S.C. § 1962(d) (Count 1);

- conspiracy to commit mail fraud and honest services mail fraud under 18 U.S.C. §§ 1341, 1346 and 1349 (Counts 2 and 9);

- mail fraud under Section 1341 (Count 30);

- conspiracy to commit wire fraud and honest services wire fraud under 18 U.S.C. §§ 1343, 1346 and 1349 (Count 16);

- Hobbs Act conspiracy and Hobbs Act offenses under 18 U.S.C. § 1951 (Counts 3, 7-8, 11-15, 21-27);

- conspiracy to commit bribery concerning programs receiving federal funds under 18 U.S.C. § 371 (Counts 4 and 17);

- bribery concerning programs receiving federal funds under 18 U.S.C. §§ 666(a)(1)(B) and 2 (Counts 5-6, and 18-19);

- conspiracy to obstruct justice under 18 U.S.C. §§ 371 and 1512 (Count 28);

- obstructing a federal investigation under 18 U.S.C.
  §§ 1519 and 2 (Count 29); and

- making false statements on tax returns under
  26 U.S.C. § 7206(1) (Counts 34-37).

(R. 444: Third Superseding Indictment, PageID 9630).  Dimora proceeded to a jury

trial on January 12, 2012, and was convicted on all but Count 30 on March 9,

2012.  (R. 738: Verdict, PageID 17116).  The district court granted a judgment of

acquittal on Count 10.  (R. 930: Opinion, PageID 18881).

### C.     This Court Affirms Dimora's Convictions On Direct Appeal And The District Court Initially Denies Dimora's Section 2255 Petition.

This Court affirmed Dimora's convictions on direct appeal.  Dimora I,

750 F.3d at 632.  Four years later, however, the Supreme Court decided

McDonnell, 136 S. Ct. at 2355.  Dimora then petitioned the district court to vacate

his convictions under 28 U.S.C. § 2255, claiming an instructional error had

occurred based on McDonnell.  (R. 1162-1: Memorandum, PageID 32292-306).

The district court disagreed, (R. 1196: Opinion, PageID 33148-49, 33154-55), and

nevertheless further found that, even under a count-by-count analysis, any potential

error was harmless.  (Id., PageID 33156-88).  It further found that excluding

Dimora's state ethics reports as trial evidence was proper under Federal Rule of

Evidence 403.  (Id., PageID 33188-90).  Having found no error warranting relief,

the court denied Dimora's Section 2255 petition, (id., PageID 33195), and declined

to issue a COA on November 2, 2018.  (R. 1199: Order, PageID 33201).

> **D.    This Court Grants A Limited COA, And Upon Review, Issues A Limited Remand For The District Court To Apply The Harmless Error Analysis To Some Counts Based On A McDonnell Instructional Error That Occurred At Dimora's Trial.**

On May 27, 2019, this Court granted Dimora's request for a COA

concerning the district court's jury instructions on Counts 3, 7, 8, 11-15, and

20-27, but declined to expand the certificate to include Dimora's arguments about

his convictions on Counts 1, 2, 4-6, 9, 16-19, and 28-29.  (Case No. 18-4260, Doc.

9-2: Order, Pages 5-7).  Since Dimora's argument about the excluded ethics reports

was "intertwined with the jury-instruction," this Court also granted a certificate

concerning whether the reports' exclusion "was still harmless when combined with

any instructional error."  (Id., Page 7).

On August 31, 2020, this Court vacated the district court's judgment

denying Dimora Section 2255 relief and remanded for further findings limited to

Dimora's convictions for Hobbs Act extortion (Counts 3, 7, 11-15, 20-21, and

24-27) and tax violations (Counts 34-37) because the Court found that the jury

instructions, understandably, did not comport with the Supreme Court's later-

decided McDonnell decision that narrowed the term "official act" under federal

bribery law.  Dimora II, 973 F.3d at 502-07.  In reviewing the district court's initial

harmless-error analysis, the panel further found that the court "relied on evidence

sufficiency" and "focus[ed] on what a rational jury could have found," rather than whether the instructional error had a substantial and injurious effect or influence on the jury's verdicts. Id. at 505-06 (emphasis omitted). The panel therefore remanded Dimora's case to the district court to conduct a harmless-error analysis "in the first instance" for the Hobbs Act extortion and tax offenses. Id. at 506.

This Court excluded from the remand, however, three Hobbs Act convictions (Counts 8 and 22-23) where this Court itself held that the instructional error was harmless because those counts "relied exclusively on votes Dimora had cast as commissioner to show 'official acts,'" which still qualify post-McDonnell. Id. at 506-07. The panel also declined to "decide whether the 'cumulative effect' of the instructional and evidentiary errors entitle[d] Dimora to relief," but noted its uncertainty about "whether this theory of prejudice is available to § 2255 petitioners." Id. at 507. It left that question for the district court to consider after assessing "the harmlessness of the instructional error independent of any cumulative effect." Id.

E.     The District Court Applies The Harmless-Error Analysis And Denies Dimora Section 2255 Relief, Except On Counts 12-13.

On remand, the district court conducted a count-by-count harmless-error analysis and found that the evidence included: (1) schemes that exclusively contained acts that satisfied McDonnell's "official acts" definition (Counts 3, 14-15, and 24-27); and (2) those with both qualifying official acts and non-qualifying

other acts (Counts 7, 11-13, and 20-21).  (R. 1226: Opinion, PageID 33398, 33409).  It further found the first category schemes satisfied the harmless-error test, given Dimora's votes in the favor of bribers and other qualifying steps that still constitute official acts under <u>McDonnell</u>, making clear that the instructional error did not substantially influence the verdicts on those counts.  (<u>Id.</u>, PageID 33398-405).  It further found only one scheme (Counts 12-13) in the second category that did not satisfy the harmless-error test.  (<u>Id.</u>, PageID 33409-430).  In particular, because several actions in the Nicholas Zavarella scheme no longer qualified as official acts, the court found "the matter so evenly balanced" that it was "in virtual equipoise as to the harmlessness of the error" and vacated Counts 12-13.  (<u>Id.</u>, PageID 33426).

The district court also found that Dimora's cumulative-error claim based, in part, on the excluded state ethics reports, was not cognizable in Section 2255 proceedings.  (<u>Id.</u>, PageID 33427-28).  Even if cognizable, relief was unwarranted "where one of the two errors Dimora seeks to cumulate was an alleged evidentiary error.  (<u>Id.</u>, PageID 33428 (citing <u>Dimora II</u>, 973 F.3d at 507)).  It likewise failed on the merits because the reports "actually implicated Dimora in wrong-doing, would 'open the door to evidence of ethics reporting requirements[,]' and 'likely cause confusion, requiring a mini-trial on the disclosure laws governing elected officials in the State of Ohio.'"  (<u>Id.</u>, PageID 33428 (quoting R. 930: Opinion,

PageID 18911)).  Moreover, even if not excludable under Evidence Rule 403, the fact that "they implicated Dimora in wrongdoing consistent with the government's overall theory that he fraudulently received bribes in exchange for favors and conspired with others to cover it up," thus demonstrated that "any such evidentiary error—even in combination with the Court's instructional error—was [not] so prejudicial as to render his trial fundamentally unfair."  (Id., PageID 33430 (cleaned up)).

The district court further found that Dimora's tax counts were supported independently by his convictions on Counts 17 (conspiracy to commit bribery concerning programs receiving federal funding), and on Counts 8 and 22-23 (Hobbs Act offenses) that "were unaffected by McDonnell."  (Id., PageID 33430-31).  Because the court granted Section 2255 relief, in part, by vacating Counts 12-13, however, the court ordered de novo resentencing on all remaining counts.

### F.   The District Court Conducts De Novo Resentencing And Does Not Issue A COA.

At resentencing on June 8, 2022, the district court imposed a within-Guidelines, 240-month sentence on Counts 1-3, 7-9, 11, 14-16, 20-27, and 29; 60 months on Counts 4, 17, and 28; 120 months on Counts 5-6 and 18-19; and 36 months on Counts 34-37, all to run concurrently with each other, except for Counts 34-37, which the court ordered to run concurrently with each other and

consecutive to all other counts.  (R. 1237: Sentencing Trans., PageID 33531, 33565-66).  Combined, Dimora received a total sentence of 276 months.  (Id., PageID 33566).  The court entered the final amended judgment the same day. (R. 1233: Amended Judgment, PageID 33480).

Dimora's notice of appeal listed both his criminal and civil appeal case numbers and said it was an appeal "from the final judgment entered in this action" on June 8th.  (R. 1235: Notice of Appeal, PageID 33493).  He did not request or obtain a COA from the district court's decision on remand denying Section 2255 relief, however.

Because Dimora's present appeal is unauthorized, this Court should remand his case to the district court for consideration about whether to issue a COA.  In the alternative, this Court should consider whether to issue a COA sua sponte.  If it does, it should decline to issue one because reasonable jurists would not debate that the district court correctly applied the harmless-error analysis and properly rejected a cumulative-error theory in denying Dimora Section 2255 relief.

## **ARGUMENT**

I.   **THIS COURT LACKS JURISDICTION OVER DIMORA'S CLAIMS SOLELY CHALLENGING THE DISTRICT COURT'S DECISION DENYING POST-CONVICTION RELIEF ON COUNTS 3, 7, 11, 14-15, 20-21, AND 24-27 BECAUSE DIMORA NEVER OBTAINED A COA FOLLOWING THE DISTRICT COURT'S FINAL AMENDED JUDGMENT.**

**A.   Standard Of Review.**

"A matter requiring statutory interpretation is a question of law requiring de novo review, and the starting point for interpretation is the language of the statute itself." Ajan v. United States, 731 F.3d 629, 631 (6th Cir. 2013) (cleaned up). Plenary review therefore applies to whether Dimora's appeal is authorized to proceed. Word v. United States, 109 F. App'x 773, 774 (6th Cir. 2004) (applying de novo review to district court's decision dismissing federal prisoner's petition for lack of jurisdiction).

**B.   Dimora's Appeal From The District Court's Decision Denying Section 2255 Relief Is Unauthorized And, To Proceed, Requires A COA, Which He Lacks.**

Procedurally, if Dimora were challenging his new sentence following resentencing under 28 U.S.C. § 2255(b), he would not need a COA. United States v. Burton, 802 F. App'x 896, 904 (6th Cir. 2020). But since he is solely challenging the district court's analysis denying Section 2255 relief, (Doc. 16: Dimora's Br., Page 27), he must obtain a COA to proceed on appeal. Burton, 802 F. App'x at 904. This warrants either a remand to the district court to

consider whether to issue a COA in the first instance or, in the alternative,

consideration by this Court concerning whether to issue a COA sua sponte, under

28 U.S.C. § 2253(c)(1).  The government believes a remand is required by binding

precedent in Kincade v. Sparkman, 117 F.3d 949, 953 (6th Cir. 1997), but

addresses both potential procedures in the event this Court disagrees.

    The federal post-conviction-relief statute grants district courts the authority

to "vacate, set aside or correct" a prisoner's unlawful sentence.  28 U.S.C.

§ 2255(a).  Upon a finding that a prisoner's sentence is unlawful, a district court

may impose one of four possible remedies:  (1) "discharge the prisoner," (2) "grant

[the prisoner] a new trial," (3) "resentence [the prisoner]," or "correct the

[prisoner's] sentence."  Id. § 2255(b).  "An appeal may be taken . . . from the order

entered on the motion as from a final judgment on application for a writ of habeas

corpus."  Id. § 2255(d); see also Burton, 802 F. App'x at 902.

    Here, the district court entered its final amended judgment on November 9,

2021, (R. 168: Amended Judgment, PageID 1152-59), which serves as the final

judgment for claims under Section 2255.  This result is compelled by Andrews v.

United States, 373 U.S. 334, 339-40 (1963), in which the Supreme Court held that

a district court's order vacating a prisoner's sentence and ordering resentencing

under Section 2255 is not considered final and appealable until after the

resentencing has occurred.  See also United States v. Lawrence, 555 F.3d 254, 258 (6th Cir. 2009).

If a petitioner, like Dimora, who is resentenced under Section 2255(b) "seeks to 'challenge *the relief granted*,'" he is in actuality "'appealing a new criminal sentence and therefore need not obtain a COA.'" Burton, 802 F. App'x at 904 (emphasis in original; quoting Ajan, 731 F.3d at 631).  For instance, in Ajan, this Court found that because the defendant was "'challenging *the relief granted*— i.e., whether the relief was appropriate under § 2255, whether the new sentence was in conformity with the Constitution or Sentencing Guidelines, etc.—he [was] appealing a new criminal sentence and therefore need not obtain a COA." Ajan, 731 F.3d at 631 (cleaned up; emphasis in original; quoting United States v. Hadden, 475 F.3d 652, 664 (4th Cir. 2007)).  Unlike Ajan, however, Dimora is not appealing from the relief the district court granted—de novo resentencing or the reasonableness of that new sentence; instead, he is appealing from the relief the court *denied* under Section 2255.  (Doc. 16: Dimora's Br., Page 27).

In Burton, this Court decided the issue of whether a petitioner who is resentenced under Section 2255(b) and who appeals the amended judgment needs a COA to challenge the district court's decision not to grant relief on some of his Section 2255 claims.  Burton, 802 F. App'x at 904.  This Court agreed with the circuits that "have unanimously concluded that a [COA] is needed for the part of

the case that challenges the ***denial of collateral relief***.” Id. (emphasis added;

collecting cases).  Burton thus found that the appellant there, in challenging the

denial of habeas relief, was “appealing an aspect of his § 2255 proceeding and[, as

such,] must obtain a COA.” Id. (collecting cases).  That conclusion applies here.

Specifically, although Dimora may appeal from the district court’s amended

judgment on sentencing grounds—which he has not done—he may not pursue

collateral issues attacking his remaining convictions until he first obtains a COA

from the court’s decision denying Section 2255 relief.  See id. at 903 (“a petitioner

may not appeal a ‘final order in a proceeding under section 2255’” unless a ‘circuit

justice or judge issues a certificate of appealability’” (quoting 28 U.S.C.

§ 2253(c)(1)).  The issuance of a COA is a “jurisdictional prerequisite” under the

statute.  Burton, 802 F. App’x at 903 (quoting Miller-El v. Cockrell, 537 U.S. 322,

336 (2003)).  “[U]ntil a COA has been issued federal courts of appeals lack

jurisdiction to rule on the merits of appeals from habeas petitioners.” Miller-El,

537 U.S. at 336; see also Hohn v. United States, 524 U.S. 236, 248 (1998).

Accordingly, under Burton, Dimora must obtain a COA on his claims challenging

the denial of collateral relief.

Dimora’s prior COA from the district court’s first, pre-remand decision

denying Section 2255 relief in 2018, cannot suffice as authorization to appeal from

the court’s new decision denying Section 2255 relief on remand in 2022.

(Case No. 18-4260, Doc. 9-2: Order). Dimora previously sought a COA from this Court under Appellate Rule 22(b), (id., Page 1), after the district court expressly declined to issue one from its 2018 judgment entry that denied Section 2255 relief altogether. (R. 1199: Order, PageID 33201-03; R. 1197: Judgment Entry, PageID 33196). This Court issued a limited COA from that decision, (Case No. 18-4260, Doc. 9-2 Order, Page 6), which led to this Court's conclusion that an instructional error had occurred under McDonnell. Dimora II, 973 F.3d at 507. Because the COA from the district court's 2018 decision predated this Court's instructional-error finding and remand for further harmless-error findings, it addresses different issues and therefore cannot substitute for a COA from the district court's subsequent harmless-error analysis on remand in 2022. The district court's 2022 harmless-error analysis constituted a new decision denying collateral relief. Accordingly, Dimora must obtain a COA from that new ruling on the collateral issues he seeks to raise.

### C.    This Court Should Remand Dimora's Case For The District Court To Decide Whether To Issue A COA In the First Instance.

The absence of a COA in these circumstances requires an application for a COA to be considered first by the district court. See Kincade v. Sparkman, 117 F.3d 949, 953 (6th Cir. 1997). Indeed, Federal Rule of Appellate Procedure 22(b)(1) itself reflects that first-consideration requirement by specifying that, "If the district judge has denied the certificate [from a Section 2255 proceeding], the

applicant may request a circuit judge to issue it." Like one petitioner in the binding <u>Kincade</u> decision, 117 F.3d at 953, Dimora "has neither received nor been denied a [COA]" by the district court. <u>See</u> Fed. R. Governing § 2255 Proceedings 11(a). Under <u>Kincade</u>'s binding precedent and Appellate Rule 22(b), he thus is required to return to the district court once again for that COA determination in the first instance. This Court therefore should remand his case for the district court to make that determination.

### D. In The Alternative, This Court Should Consider In The First Instance Whether To Issue A COA <u>Sua Sponte</u>.

In the alternative, however, this Court should consider in the first instance whether Dimora has met the standard for obtaining a COA. In particular, <u>Burton</u> suggested that the Court may issue a COA <u>sua sponte</u> in limited, "unusual circumstances," which there, included that: (1) "[t]he parties neither applied for, nor insist upon, a COA;" (2) Burton's "notice of appeal indicated that appeal was from the sentencing judgment rather than from the § 2255 judgment"; and (3) "the issue to be resolved on appeal ha[d] changed entirely since the time of the district court's ruling," namely, the enactment of the First Step Act; and (4) "[a]sking the district court to decide whether to issue a COA when [the Court] would be inclined to issue one regardless would be particularly pointless in [those] unusual circumstances." <u>Burton</u>, 802 F. App'x at 904. But Dimora's appeal lacks at least two of those "unusual circumstances." <u>Id.</u>

First, Dimora's notice of appeal listed his criminal and civil case numbers, thus indicating he was appealing, in part, from the court's Section 2255 ruling, without specifying any issues he wanted certified for appeal in that case. (R. 1235: Notice of Appeal, PageID 33493). Second, unlike Burton, the complained-of issues he has raised in his appellant's brief—the alleged harmfulness of an instructional error under McDonnell and cumulative-error—have not changed since the district court denied Dimora Section 2255 relief on nearly all counts in 2022. Accordingly, because the factors that Burton found merited a COA sua sponte are not relevant here, a COA is unwarranted by this Court and should be denied.

### E.      Dimora's Claims Do Not Meet The Standard For A COA.

Dimora's claims challenging the district court's findings about the instructional error and his cumulative-error theory also do not satisfy the standard for issuing a COA. To obtain a COA, Dimora must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also United States v. Hardin, 481 F.3d 924, 926 n.1 (6th Cir. 2007); see also Fed. R. App. P. 22(b)(1); Fed. R. Governing § 2255 Proceedings 11(a). He must also show that reasonable jurists would find the district court's assessment of the instructional error's harmlessness debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The government normally does not opine about whether the Court should issue a COA unless asked to do so.  Here, however, the government believes that the district court's extensive count-by-count analysis and the record clearly show that no reasonable jurist would debate that the district court correctly applied the harmless-error analysis when it concluded that the instructional error did not substantially influence the jury's verdicts on Counts 3, 7, 11, 14-15, 20-21, and 24-27, and in rejecting his cumulative-error theory.  (R. 1226: Opinion, PageID 33398-422).  Thus, in the government's view, no COA should issue.

### 1.    Reasonable Jurists Would Not Debate the District Court's Correct Conclusion About the Harmlessness of the Instructional Error.

The district court correctly applied the harmless-error analysis in concluding that the instructional error did not warrant relief on any counts at issue.  In short, for Counts 3, 14-15 and 24-27, which contained acts that exclusively satisfied McDonnell, Dimora committed multiple qualifying official acts by voting on issues to benefit his bribers and, during complained-of phone calls, letters, or meetings, Dimora used his influence as a County Commissioner to pressure other public officials to commit qualifying official acts.  That left no grave doubt about the instructional error's harmlessness as to his conduct on those counts.  (Id.).

Further, even for counts that the district court found contained schemes with mixed official acts and other acts (Counts 7, 11, and 20-21), the other acts paled in

comparison to the magnitude and weight of Dimora's clear-cut qualifying votes to benefit bribers.  (Id., PageID 33410-22).  Those other acts included one non-qualifying phone call each in the Ferris Kleem and Steven Pumper schemes, and Dimora's non-qualifying efforts to secure a United States Senator's help expediting the issuance of Visas in the Valentin scheme.  (Id.).

For Kleem (Count 7), for example, there were several qualifying schemes that included Dimora's votes in Kleem's favor.  (Id., PageID 33410-15).  And Dimora also was convicted of bribery concerning programs receiving federal funds involving those same qualifying schemes, making "crystal clear that Dimora's conviction on Count 7 [was] predicated on the commission of acts that meet the McDonnell definition," and supported the court's conclusion that the instructional error was harmless on that count.  (Id., PageID 33417).

For Pumper (Counts 20-21), the court found that there were "eight of the nine sub-schemes charged in these counts were firmly supported by conduct[, namely several votes and other conduct,] that still qualifies as official acts post-McDonnell."  (Id., PageID 33417-19).  And, for Valentin (Count 11), the court recognized that Dimora voted to enable Russo to "create a job—and, in fact, an entire department—in his office for Valentin's daughter."  (Id., PageID 33422; see also id., PageID 33420).  Like the Kleem and Pumper schemes, this still qualified post-McDonnell and reasonably left the court with no grave doubt about the

instructional error's harmlessness concerning those few, minor non-qualifying acts. Given the evidence as a whole, reasonable jurists would not debate the court's correct conclusion that the instructional error did not substantially influence the jury's verdicts on those or any other counts at issue.

>    **2.    Reasonable Jurists Would Not Debate the Court's Correct Conclusion that Dimora's Cumulative-Error Claim Is Not Cognizable in Section 2255 Proceedings and Nevertheless Did Not Warrant Section 2255 Relief for the Harmless Instructional Error and an Evidentiary Non-Error.**

Reasonable jurists also would not debate the correctness of the district court's conclusion that Dimora's cumulative-error theory, based on the instructional error and an evidentiary non-error, are not cognizable on collateral review.  (Id., PageID 33427); see also Dimora II, 973 F.3d at 507 (collecting cases and expressing doubt about whether a cumulative error claim is cognizable on appeal where "one of two claimed errors is an evidentiary error"); Buder v. Bell, 306 F.2d 71, 75-76 (6th Cir. 1962) (recognizing that "[r]arely would [evidentiary] errors warrant a collateral attack on a judgment of conviction as being a denial of due process of law" in habeas corpus proceedings); Moore v. Parker, 425 F.3d 250, 256 (6th Cir. 2005) (stating that "post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief"); United States v. Brown, 528 F.3d 1030, 1034 (8th Cir. 2008) (rejecting a "cumulative error theory of post-conviction relief" in Section 2255 proceedings).

Even if cognizable, relief nevertheless is unwarranted for a wholly unrelated evidentiary decision excluding Dimora's state ethics reports, as it had no bearing—cumulatively or otherwise—on the trial court's "official act" definition and did not constitute error.  The intervening McDonnell decision did not alter this Court's prior finding on direct appeal that excluding the ethics reports as hearsay, while error, was harmless, given the reports' irrelevance to Dimora's intent when he accepted things of value from bribers.  Dimora I, 750 F.3d at 628-30. Post-McDonnell, the reports still do not rebut an element of the charged offenses.

The issue was Dimora's concealment of his quid pro quo agreements, not his associations, with bribers.  To that end, Dimora's inaccurate reports omitted the names of several individuals who bribed him, Dimora I, 750 F.3d at 629, and all companies that provided him free work in exchange for official acts.  See, e.g., (R. 940-2: Ethics Reports, PageID 19036).  These inaccuracies, combined with the reports falsely representing the unspecified meals and things of value as "gifts," not bribes, therefore "implicated Dimora in wrongdoing consistent with the government's overall theory that he fraudulently received bribes in exchange for favors and conspired with others to cover it up."  (R. 1226: Opinion, PageID 33430).  That supports this Court's prior conclusion that admitting the reports would have been "harmful."  Dimora I, 750 F.3d at 629 (emphasis in original).  Their probative value, if any, only would have added confusion to the

reports' prejudicial nature, thus warranting their exclusion under Evidence Rule 403.  (R. 1226: Opinion, PageID 33428).

Accordingly, because reasonable jurists would not disagree with the district court's decision that the instructional error and unrelated evidentiary non-error did not warrant relief on Counts 3, 7, 11, 14-15, 20-21, and 24-27, the government contends that Dimora is not entitled to a COA concerning his claims.  Thus, if this Court reaches the issue itself, it should decline to issue a COA sua sponte.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should remand Dimora's case to the district court to decide whether to issue a COA in the first instance concerning his claims challenging the district court's decision denying Section 2255 relief on Counts 3, 7, 11, 14-15, 20-21, and 24-27, or alternatively consider whether to issue a COA <u>sua sponte</u> concerning any of his claims and decline to issue one.

Respectfully submitted,

MICHELLE M. BAEPPLER
First Assistant United States Attorney

By:   /s/ Laura McMullen Ford
Laura McMullen Ford
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
(216) 622-3817
(216) 522-7358 (facsimile)
Laura.Ford@usdoj.gov

## <u>CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION</u>

I hereby certify that the foregoing contains 5,077 words according to the word-counting feature of Microsoft Word for Office 365 and complies with this Court's 5,200-word limitation for motions.

/s/ Laura McMullen Ford
Laura McMullen Ford
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of February 2023, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  A copy of this filing also will be mailed to <u>pro se</u> Petitioner-Appellant James C. Dimora at the following address:

James C. Dimora
Reg. No. 56275-060
FMC Devens
P.O. Box 879
Ayer, Massachusetts 01432

/s/ Laura McMullen Ford
Laura McMullen Ford
Assistant United States Attorney