RECEIVED
FEB 15 2023
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JAMES C. DIMORA, | ) |
|     Petitioner-Appellant, | ) Case No. 22-3549 |
| vs. | ) |
| UNITED STATES OF AMERICA, | ) |
|     Respondent-Appellee. | ) |

## PETITIONER-APPELLANT'S BRIEF IN OPPOSITION TO APPELLEE'S MOTION TO REMAND CASE

PetitionerAppellant, James C. Dimora, *pro se,* respectfully moves this Court to deny the Appellee's Motion to Remand (the "Appellee's Motion").

I. **INTRODUCTION**

As a threshold matter, Mr. Dimora is proceeding in this matter *pro se*. It has been long held that courts must read *pro se* filings in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972).

The Appellee's Motion misconstrues Mr. Dimora's opening brief in this matter. When the District Court resentenced Mr. Dimora, it was based on this Court's Order relating to McDonnell. For the sake of judicial economy and as a practical matter, Mr. Dimora only challenged those counts that this Court held

were reviewable in the first instance. Put differently, in his opening brief, Mr. Dimora chose to address the counts that were sent back to the District Court on remand from this Court. As many defendants fail to do, Mr. Dimora avoided rehashing other claims he has that have already been adjudicated by the District Court and this Court.

## II. LAW AND ARGUMENT

### A. There is no need for yet another COA

Mr. Dimora's opening brief does challenge the new sentence that the District Court imposed. He does so, in part, by challenging the District Court's interpretation of this Court's Order remanding the matter back to the District Court. There is no need for yet another Certificate of Appealability ("COA") to review these matters, for all of the reasons stated in Mr. Dimora's opening brief. Yet another COA process would be superfluous, redundant and a miscarriage of justice.

Mr. Dimora believes that this Court has addressed many of the issues raised in the Appellee's Motion in Ajan v. United States, 731 F. 3d 629 (6th Cir. 2013). Like here, in that case, Ajan filed a notice to appeal the Amended Judgment the district court entered after partially granting his § 2255 motion to vacate. Id. Ajan argued that he did not need a COA because the Amended Judgment he was appealing punishes him for his criminal conduct and is a previously unreviewed

2

aspect of his criminal case. Id. The government insisted that a COA was necessary because the Amended Judgment was entered as a result of Ajan's collateral § 2255 proceedings. Id. Until this Court's decision in Ajan, the issue of whether a COA was required to appeal the relief granted after a successful § 2255 motion was an open question within this Circuit. This Court concluded that Ajan was correct. Id.

It should be noted that before Ajan, there were a few unpublished cases within this Circuit that were implicitly inconsistent on whether a COA is required to appeal the relief granted pursuant to a successful § 2255 motion. *Compare, e.g.,* Donaldson v. United States, 24 Fed. Appx. 498, 501 n. 2 (6th Cir. 2001) (adjudicating claims that arose "as a direct appeal from the new sentence" imposed after district court granted defendant's § 2255 motion, vacated the original sentence, and imposed a new sentence) and Wheeler v. United States, 22 Fed. Appx. 586, 587 (6th Cir.2001) (distinguishing between partial grant of a § 2255 motion as "not directly at issue" and district court's subsequent amended judgment as the "judgment that [the defendant] now appeals") with United States v. Mainville, 9 Fed. Appx. 431, 434 (6th Cir.2001) (refusing to consider an argument regarding a sentence entered after defendant's successful § 2255 motion because the defendant failed to obtain a COA on the issue).

3

Title 28 U.S.C. § 2253(c)(1)(B) requires a prisoner to obtain a COA in order to appeal "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, prisoners must make a substantial showing that they have been denied a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore, it is necessary to determine whether the Amended Judgment constitutes "the final order" in a § 2255 proceeding. If so, this Court lacks jurisdiction in the absence of a COA. United States v. Hardin, 481 F.3d 924, 925 (6th Cir.2007) (noting that § 2253 "prohibits us from taking up an appeal from a final order in any section 2255 proceeding without such a certificate [of appealability]"). "A matter requiring statutory interpretation is a question of law requiring *de novo* review, and the starting point for interpretation is the language of the statute itself." United States v. Batti, 631 F.3d 371, 375 (6th Cir.2011) (quoting United States v. Shafer, 573 F.3d 267, 272 (6th Cir.2009)).

Section 2255 provides federal prisoners with a means to secure a second look at the legality of their conviction or sentence, beyond the direct appeal of right. A federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The court initially considers whether or not the petitioner is entitled to any § 2255 relief. If the court finds that the petitioner's judgment was unlawful for any one of a number of reasons specified in the statute, "the court shall vacate and set the judgment aside."

4

§ 2255(b). Once the judgment is vacated, the district court must proceed to grant one of four remedies "as may appear appropriate": (1) "discharge" the prisoner, (2) "resentence" the prisoner, (3) "grant a new trial," or (4) "correct" the sentence. Id.

In Magwood v. Patterson, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the Supreme Court held that a prisoner's successful § 2254 petition led to "a new judgment, and [the] first application challenging that new judgment cannot be 'second or successive.'" Id. at 2796. The Court reasoned that "second or successive" is a term that applies to the judgment being challenged, and since the judgment being challenged did not exist at the time the first § 2254 petition was brought, the habeas petition before the Court was not "second or successive." Id. at 2796–97. Although the Magwood rule was announced in the context of § 2254—which provides collateral relief from state criminal judgments—the rule applies with equal force to § 2255—which provides collateral relief from federal criminal judgments. *See* id. at 2796.

As in the instant case, in Ajan, the petitioner's successful § 2255 petition led to a new judgment—the Amended Judgment—which did not exist at the time his § 2255 petition was brought. Id. Here, it is the Amended Judgment that Mr. Dimora appeals. As in Ajan, because Mr. Dimora seeks to "challeng[e] *the relief granted—i.e.,* whether the relief was 'appropriate' under § 2255, whether the new

5

sentence was in conformity with the Constitution or Sentencing Guidelines, etc.—he is appealing a new criminal sentence and therefore need not obtain a COA...." Id.; United States v. Hadden, 475 F.3d 652, 664 (4th Cir. 2007). Other Circuits have utilized similar reasoning to hold that a COA is not required to appeal the relief granted after a successful § 2255 motion. *See* United States v. Futch, 518 F.3d 887, 895 (11th Cir.2008); Hadden, 475 F.3d at 663–66; United States v. Lafayette, 337 F.3d 1043, 1046 (D.C. Cir. 2003).

As this Court held in Ajan, Mr. Dimora simply requests that this Court's approach align with the principles of fairness already established in criminal justice jurisprudence. The successful § 2255 petitioner has obtained relief because the original sentence was unlawful.

### B. If this Court Determines A COA is Required, a COA Should Be Issued For the Reasons Set Forth in Mr. Dimora's Opening Brief

However, should this Court determine that a COA is required, Mr. Dimora respectfully requests that this Court issue a COA *sua sponte* under Appellate Rule 22(b) for all of the reasons described in Mr. Dimora's opening brief.

As the Government points out in the Appellee's Motion, Mr. Dimora's prior counsel filed a Notice of Appeal in this matter that listed both case numbers. Such an enumeration makes sense as this is an appeal from the final judgment entered in this action. (R.1235: Notice of Appeal, PageID 33493). Accordingly, there is no requirement to obtain a COA from the District Court's decision on remand. That

said, should this Court determine that a COA is necessary, it should grant such COA because reasonable jurists would debate whether the District Court correctly applied the harmlesserror analysis and whether the District Court rejected a cumulativeerror theory in denying Mr. Dimora relief. It should be noted that reasonable jurists in this Court have previously come to different conclusions in regard to many of the matters addressed in Mr. Dimora's opening brief (i.e., all previous appeals to this Court in this case have been decided on a 2-1 decision). Again, for the sake of brevity, Mr. Dimora will not repeat the arguments supporting his position as they are contained in his opening brief.

### III. <u>CONCLUSION</u>

For the foregoing reasons, this Court should deny the Appellee's Motion, or, alternatively, grant a COA *sua sponte* concerning this matter.

Respectfully submitted,

*James C. Dimora*
James C. Dimora, *Pro Se*
Fed. Reg. No. 56275-060
FMC Devens
P.O. Box 879
Ayer, MA  01432

## CERTIFICATE OF SERVICE

I certify that on this _13_ day of February, 2023, I served the following individual by regular U.S. Mail:

Laura McMullen Ford
Office of the U.S. Attorney
801 West Superior Ave., Suite 400
Cleveland, OH 44113

*James C. Dimora*
James C. Dimora, Petitioner, *Pro Se*

RECEIVED
FEB 1 5 2023
DEBORAH S. HUNT, Clerk

February 13, 2023

**VIA REGULAR U.S. MAIL**

Office of the Clerk
United States Court of Appeals for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 540
Cincinnati, OH 45202-3988

    Re:    Case No. 22-3549, *USA v. James Dimora*

Dear Honorable Clerk:

    Please find enclosed my Brief in Opposition to Motion to Remand. Thank you very much for your attention to this matter.

    Very truly yours,

    James C. Dimora
    Fed. Reg. No.: 56275-060
    FMC Devens
    P.O. Box 879
    Ayer, MA 01432