UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10-cr-387-1 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| JAMES C. DIMORA, | ) | |
| | ) | |
| DEFENDANT. | ) | |

In 2012, following his convictions on thirty-two counts of federal fraud-related crimes, defendant James C. Dimora ("defendant" or "Dimora") was sentenced by this Court to a term of imprisonment of 336 months. (Doc. No. 957 (Dimora Judgment); Minutes of proceedings [non-document], 8/1/2012.) On October 22, 2018, the Court denied defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The motion was premised on the Supreme Court's decision in *McDonnell v. United States*, 579 U.S. 550, 136 S. Ct. 2355, 195 L. Ed. 2d 639 (2016), which narrowed and focused the legal definition of "official act" in the federal bribery statute, 18 U.S.C. § 201(a)(3), and was issued more than four years after Dimora's trial. (*See* Doc. No. 1196 (Memorandum Opinion); Doc. No. 1197 (Judgment Entry).)

On appeal, the Sixth Circuit vacated the Court's judgment and remanded the matter for the limited purpose of permitting the Court to apply the harmless error standard to determine "whether the instructional error [relating to the Court's pre-*McDonnell* definition of "official act"] substantially influenced the jury's verdict[.]" *Dimora v. United States*, 973 F.3d 496, 506 (6th Cir. 2020). The remand was further limited to consideration of thirteen counts of Hobbs Act bribery

and four counts of tax evasion. *Id*. at 506–07.

On March 14, 2022, the Court issued its ruling on remand. (Doc. No. 1226 (Memorandum Opinion).) In an exhaustive opinion, the Court conducted a count-by-count analysis of the counts implicated by the remand. It found that for seven of the Hobbs Act counts, the government's evidence was limited exclusively to officials acts that satisfy the post-*McDonnell* definition of "official act" and were, therefore, unaffected by the Supreme Court's ruling. (*Id*. at 13[1]–24.) The evidence relating to the remaining six Hobbs Act convictions contained evidence of at least *some* conduct that arguably would no longer satisfy the *McDonnell* definition of "official act." Of these counts, the Court concluded that the government's considerable trial evidence was substantially dominated by post-*McDonnell* official acts, such that the Court was not left with a "grave doubt" as to the harmlessness of the instructional error. (*Id*. at 24–37 (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436–38, 115 S. Ct. 992, 130 L. Ed. 2d 947 (1995) (further quotation marks and citation omitted)).) As for the final two Hobbs Act counts—Counts 12 and 13, relating to Dimora's relationship with businessman Nicholas Zavarella—the Court determined that the "matter [was] so evenly balanced" that it was in "virtual equipoise as to the harmlessness of the error," and it vacated the convictions as to these counts.[2] (*Id*. at 37–41 (quoting *O'Neal, supra*).)

Because the Court vacated its judgment and granted Dimora partial relief, it did not consider whether it would issue a certificate of appealability ("COA"); instead, it proceeded to resentence Dimora in a plenary proceeding. *See* 28 U.S.C. § 2255(b) (Where a district court grants

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

[2] The Court also rejected Dimora's cumulative error argument, finding that such an argument was not cognizable on habeas review and would not, if considered on the merits, entitle Dimora to relief. (*Id* at 42–45.) Additionally, the Court found that the tax counts did not rest on evidence that was affected by *McDonnell's* narrowing of the "official act" definition. (*Id*. at 45–47.)

a defendant's motion to vacate, in whole or in part, § 2255(b) dictates that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.") On June 8, 2022, the Court conducted a sentencing hearing, at the conclusion of which, the Court sentenced defendant to a term of imprisonment of 276 months, with credit for time served. (Doc. No. 1233 (Dimora Amended Judgment); Minutes of proceedings [non-document], 6/8/2022.)

Dimora filed a notice of appeal from the Court's amended judgment. (Doc. No. 1235.) Because the appeal challenges, in part, this Court's ruling on Dimora's motion to vacate, the Sixth Circuit has requested that the Court consider, in the first instance, whether to issue a COA from its ruling. For purposes of its consideration, the Court assumes familiarity with the Court's detailed analysis of defendant's § 2255 motion. (*See* Doc. No. 1226.)

A COA should issue if the movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that such a showing requires the petitioner to demonstrate:

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."
>
> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4, 103 S. Ct. 3383, 77 L. Ed 2d 1090 (1983)).

Based upon the Court's count-by-count harmless error analysis of the evidence offered at trial as to the Hobbs Act counts that are the subject of the remand, and in consideration of the

Supreme Court's ruling in *McDonnell*, the Court concludes reasonable jurists would not find the Court's assessment debatable or wrong. Similarly, the Court finds that reasonable jurists would not debate the Court's determination that Dimora's cumulative error argument was not cognizable on habeas review, as well as its determination that the tax evasion counts were unaffected by the ruling in *McDonnell*.

For the foregoing reasons, the Court determines that an appeal from its ruling on defendant's motion to vacate under 28 U.S.C. § 2255 could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. It, therefore, declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: April 4, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**